Ruppin, Judge, —
 

 .Most of the points on which the jury were instructed, would have been material if the action had been brought by
 
 Whitfield,
 
 and had turned on his having a better title than the defendant. But they are out of the present
 
 case;
 
 because it is immaterial whether the title was in
 
 Whitfield
 
 or not, since no conveyance is stated from him to the plaintiff. The right of the present plaintiff to recover, must therefore have depended solely on his actual possession, at the time of the trespass committed ; and the judge properly said upon that point, that if he had not such possession, he could not
 
 recover;
 
 but if he had, then without title, he had a right to a verdict against the defendant, who was a mere wrong doer.
 

 It may be possible, that it was intended to take the «pinion of the court upon
 
 Whitfield’s
 
 title, and to that end, to state a conveyance from him to
 
 Cobb,
 
 which would have brought that title in issue, in case the plaintiff had not the actual possession. But a case is not made to call for that opinion; for it is only stated that
 
 Whitfield
 
 sold to
 
 Cobb,
 
 but whether he conveyed, or by what species of conveyance, does not appear. As therefore the jury have found a verdict for the plaintiff, which, in the case stated, and under the instructions given by the
 
 *384
 
 judge, they could have done upon the single ground of las own possession, and upon that alone, we must presume, that such possession was proved to them; and if so, tiie verdict and judgment was right. The case as to that, states, that the plaintiff purchased from
 
 Whitfield
 
 in January 1830, arid the trespass was on the 2d February, and that the plaintiff “ had been in possession since the time he purchased.” If this means “ ever since,” the plaintiff was entitled to recover ; and since the verdict under this charge, we must take it to mean that.
 

 Per Curiam. — Judgment afeirmed.